UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>KYLE NIKI COX SHAFFER, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00499-LJO-JDP<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS BARRED BY THE FAVORABLE TERMINATION RULE<br><br>ECF No. 1<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In plaintiff's complaint, filed April 17, 2019, she seeks to have her habeas lawsuit re-opened and claims that she should not be imprisoned. *See* ECF No. 1 at 3-5. It appears that plaintiff's claims may not be heard by this court because "judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence." *Heck v. Humphrey* 512 U.S. 477, 486-87 (1994). Therefore, the plaintiff is ordered to show cause why this case should not be dismissed as barred by the favorable termination rule.

**I.    Discussion**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable-termination rule laid out in *Heck* provides that

1

claims that, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would *necessarily* render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487. "In evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates,* 312 F.3d 1148, 1153-54 (9th Cir. 2002) (quoting *Heck*, 512 U.S. at 487).

Here, if the court rules that plaintiff should have been granted the habeas relief that she sought in a prior proceeding, the ruling would imply that her underlying conviction is invalid. *See Heck*, 512 U.S. at 487. Therefore, plaintiff's complaint must be dismissed unless she can demonstrate that her underlying conviction has been invalidated. *See id.* Accordingly, I order plaintiff to make such a demonstration. If she cannot demonstrate that her conviction is invalid, I will recommend that this civil rights case be dismissed as barred by the favorable-termination rule.

**II.    Conclusion and Order**

Plaintiff's claims appear to be barred under *Heck*. Plaintiff is ordered to show cause why this complaint should not be dismissed.

Accordingly,

1.    Within fourteen (14) days from the date of service of this order, plaintiff is directed to show cause why this action should not be dismissed as barred by the

favorable-termination rule.  Plaintiff may make this showing by demonstrating that her underlying conviction has been invalidated.

2. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   October 15, 2019                                 _____
UNITED STATES MAGISTRATE JUDGE

No. 204