UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD,<br><br>  Plaintiff,<br><br>  v.<br><br>KYLE NIKI COX SHAFFER, *et al.*,<br><br>  Defendants. | No.  1:19-cv-00499-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CASE AS *HECK* BARRED<br><br>(Doc. No. 28) |

Plaintiff Gigi Fairchild-Littlefield ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff alleges in her complaint that her imprisonment is illegal and unconstitutional. (*See* Doc. No. 1.)  Although the allegations of the complaint are otherwise difficult to decipher, it appears plaintiff is contending that, among other things, the jury in her underlying state court criminal case acquitted her on one count and that the verdict form was manipulated "to deny her due process at trial and on direct appeal" on the remaining counts.  (*Id.* at 9.)  Plaintiff also alleges that she challenged the legality of her state criminal conviction through a habeas corpus petition filed with the United States Supreme Court.  (*Id.* at 3-4, 12.)  She contends that defendants' counsel failed to file a reply brief as required.  (*Id.* at 3-4, 14.)  According to plaintiff,

1

she therefore filed this civil rights action in this court alleging a claim for false imprisonment. (*Id.*)

On October 19, 2019, the assigned magistrate judge ordered plaintiff to show cause why this civil rights action should not be barred by the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff's response to that order reiterates her original arguments and fails to address the holding in *Heck*. (*See* Doc. No. 16.) Specifically, plaintiff contends that the jury in her case "already invalidated" her "conviction and sentence"; therefore, *Heck* is not an impediment to this case. (*Id.* at 2-3.) Plaintiff's contention relates only to a special circumstances allegation which the jury at her trial apparently found not true which plaintiff has construed as evidence that she is not guilty of and cannot be incarcerated for the underlying crime of conviction. (*Id.*) Plaintiff also cites to other alleged flaws with respect to the remaining counts of conviction in her state criminal case. (*Id.* at 3.)

On March 25, 2020, the magistrate judge issued findings and recommendations recommending that this action be dismissed under the *Heck* favorable termination rule. (Doc. No. 28.) Those findings and recommendations were served on plaintiff and contained notice that objections were due within fourteen (14) days. (*Id.*) Plaintiff filed objections on April 3, 2020, and again on April 28, 2020, reiterating the same arguments contained in her previous filing and objecting in general terms. (Doc. Nos. 29, 30.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on March 25, 2020, (Doc. No. 28), are adopted in full;

2. This action is dismissed without prejudice as barred by *Heck v. Humphrey*;

/////

/////

/////

3. All pending motions, (Doc. Nos. 17, 18, 20, 24, 27), are terminated as having been rendered moot by this order;

4. The Clerk of the Court is directed to assign a District Judge to this case for the purpose of closing the case; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 25, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE